UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM QUINCY JONES,<br>　　Petitioner<br>v.<br>CALVIN JOHNSON, Warden,<br>　　Respondent. | Case No. EDCV 15-96-FMO (GJS)<br><br>**MEMORANDUM AND ORDER SUMMARILY DISMISSING FOR LACK OF SUBJECT MATTER JURISDICTION** |

## INTRODUCTION

On January 16, 2015, Jones filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 that alleged that he was improperly disciplined on December 1, 2014, while in custody at Victorville Federal Correctional Institution II. [Dkt. 1 ("Petition").] Johnson answered that the Petition should be dismissed because the Court lacks subject matter jurisdiction and Jones failed to exhaust his remedies before filing the Petition. [Dkt. 7 at 5-7.] United States Magistrate Judge Gail J. Standish issued a report and recommendation that the Petition be dismissed for lack of exhaustion. [Dkt. 13 at 4.] Johnson filed an objection that provided supplemental briefing on the jurisdictional question. [Dkt. 14.] Upon consideration of Johnson's supplemental brief, the Court DISMISSES this case for lack of subject matter jurisdiction.

## DISCUSSION

In the Petition, Jones challenges a prison disciplinary proceeding where a disciplinary hearing officer determined that he violated "Code 312 – Insolence Towards a Staff Member." [Pet. 2, 15.] As punishment, Jones lost his visitation rights for three months and received fifteen days of disciplinary segregation, suspended pending ninety days of clear conduct. [Pet. 2, 16.] The disciplinary report stated that "[t]he disallowance of good conduct time would have been imposed based on the severity of the offense, and the inmate's sentence commitment," but instead, "[o]ther sanctions were given to serve as a punishment for the inmate's inappropriate behavior, and to affect the inmate's future behavior." [Pet. 16.] Because the Petition does not state a cognizable claim, this Court must dismiss for lack of subject matter jurisdiction.

At any time, the Court may dismiss a case if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). As the Ninth Circuit recently reaffirmed, "federal courts lack habeas jurisdiction to consider claims for constitutional violations that do not necessarily spell speedier release." *Nettles v. Grounds*, No. – F.3d –, 2015 WL 3406160 at *6 (9th Cir. May 28, 2015). "[A] claim challenging prison disciplinary proceedings" "*necessarily* spell[s] speedier release" from custody only if "the relief sought will either terminate custody, accelerate the future date of release from custody, or reduce the level of custody." *Id.* at *1 (citing *Skinner v. Switzer*, 562 U.S. 534 (2011)); *see Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005).

Ultimately, Jones seeks no relief that will affect his date of release or level of custody. A number of cases have held that challenges to disciplinary convictions resulting in a loss of visitation privileges are not cognizable habeas claims. *E.g.*, *Garcia-Cortez v. Sanders,* No. SACV 11-1554-CJC (MAN), 2013 WL 2417973 at *12 (C.D. Cal. May 31, 2013); *Nero v. Warden, McGrew*, No. CV 12-6573-DSF (SH), 2012 WL 6952462 at *2 (C.D. Cal. Dec. 19, 2012) *report and recommendation adopted sub nom. Nero v. McGrew*, No. CV 12-6573-DSF (SH),

2013 WL 327471 (C.D. Cal. Jan. 24, 2013). Rather, the visitation privileges accorded are a circumstance of confinement that may be challenged, if at all, through a *Bivens* lawsuit. *Garcia-Cortez*, 2013 WL 2417973 at *12; *see generally Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

The analysis differs for the imposition of administrative segregation, but the result is the same. In *Nettles*, the panel found itself bound by prior Ninth Circuit precedent holding that "a prisoner's claim for release from one form of custody to another, less restrictive form of custody, can be brought in a habeas petition" and concluded that a court has "habeas jurisdiction over a claim that would result in release from disciplinary segregation to the general prison population." 2015 WL 3406160 at *10 (citing *Skinner*, 562 U.S. at 534). So, if Jones were indeed in disciplinary segregation, Section 2241 would be an appropriate vehicle for his challenge. But, as Johnson notes, Jones *was not* placed in administrative segregation; rather, he was placed on a suspended term of administrative segregation that could be triggered if he committed an additional violation within ninety days of the disciplinary determination. Nothing in the record suggests that Jones ever was placed on administrative segregation, and the ninety-day period has now expired. Because Jones no longer faces the specter of administrative segregation, the Court cannot possibly "reduce the level of custody" he faces. *See Alonso-Castro v. Logan*, No. CV 14-00065-SJO (PLA), 2014 WL 2206381 at *4 (C.D. Cal. May 22, 2014) (finding challenge to loss of commissary privileges moot where privileges penalty expired). Accordingly, the Petition's claim relating to segregation is moot, and the Court lacks Article III jurisdiction.[1]

---

[1] If Jones is facing **ongoing** administrative segregation, the proper vehicle to challenge the duration of segregation is a Section 2241 habeas petition setting forth such facts. If he has completed administrative segregation that he believes violated his constitutional rights, the appropriate vehicle to obtain relief is a suit under *Bivens*.

3

## CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that the Petition be dismissed for lack of subject matter jurisdiction.

**IT IS HEREBY ORDERED.**

DATED: July 14, 2015 _____/s/_____
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE